UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

GLORIA SPICE**,** *on behalf of herself and all* )
*others similarly situated,* )
)  Case No. 1:16-cv-00366-WCL-SLC
Plaintiff, )
)
vs. )  **PLAINTIFF'S  MOTION  TO  STRIKE**
)  **OFFER OF JUDGMENT**
BLATT,  HASENMILLER,  LIEBSKER  &)
MOORE LLC**,** )
)
Defendant. )
)

Plaintiff Gloria Spice ("Plaintiff") submits this motion to strike or declare ineffective the

offer of judgment served by Defendant Blatt, Hasenmiller, Liebsker & Moore, LLC ("Defendant"),

pursuant to this Court's inherent authority or Rule 12(f).

**I.    Introduction.**

Defendant's offer of judgment, which would provide monetary relief to Plaintiff but

nothing for the members of the class of consumers she seeks to represent, is a procedural ploy

designed to shirk the requirements of Rule 23.  Plaintiff filed her class action complaint for

violations of the Fair Debt Collection Practices Act ("FDCPA") not just on her own behalf, but

also on behalf of similarly situated consumers. *See* Doc. 1.  Plaintiff timely filed a motion for class

certification in furtherance of her efforts to obtain relief for the class of individuals she seeks to

represent.  Doc. 28.  Defendant's offer, however, impermissibly seeks to have Plaintiff abandon

those absent class members for her own pecuniary benefit, while threatening to hold Plaintiff

responsible for Defendant's costs in the event she rejects the offer and a class is not certified.  This

tactic is inappropriate at this stage of the litigation:

> "Picking off" class representatives with paltry sums, thereby leaving other putative class members in the lurch, is an abuse of the Federal Rules that is designed to do nothing more than frustrate class actions. Defendants would think twice about making such "pick off" offers if they knew that doing so would not protect them from prosecution for the benefit of other class members.
>
> \*       \*       \*
>
> Defendant's offer attempted to create an improper conflict of interest between a putative class representative and the putative class, and for that reason it must be deemed ineffective.

*Mavris v. RSI Enterprises, Inc.*, 303 F.R.D. 561, 566 (D. Ariz. 2014) (internal citations omitted).

Because Plaintiff should not be forced into such a conflict, Defendant's offer of judgment should be declared ineffective.

## II.    Authority for relief sought.

The Court's inherent authority allows it to declare ineffective an offer of judgment directed to the named plaintiff in a proposed class action that offers no relief for absent class members. *See, e.g.*, *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 385 (S.D. Ohio 2008).   In addition, some courts have held that a court can strike an offer of judgment under Rule 12(f) in such circumstances.  *See Lamberson v. Fin. Crimes Servs., LLC*, No. CIV. 11-98 RHK/JJG, 2011 WL 1990450, at \*4 (D. Minn. Apr. 13, 2011), report and recommendation adopted, 2011 WL 1990447 (May 23, 2011).

## III.    Factual background.

On June 9, 2017, Defendant served Plaintiff with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the total amount of $1,100.00, plus costs and reasonable attorneys' fees.  *See* Offer of Judgment, attached as Exhibit A.  The offer provides no relief for absent class members.  Rather, by offering Plaintiff relief for her individual claims, Defendant

attempts to pick off Plaintiff, undermine Rule 23, and pit Plaintiff against the class members she seeks to represent.

**IV.    Rule 68 should not be used to undermine the class action device.**

Rule 23 of the Federal Rules of Civil Procedure establishes the procedural requirements for certifying a case as a class action:

> The purpose of the class-action device is to aggregate into a single proceeding multiple claimants (typically hundreds, thousands, or more) who have suffered similar harms as a result of a defendant's wrongdoing. This pooling of claims promotes efficiency by resolving in one action issues which would otherwise be litigated in multiple individual cases. In addition, class actions make it possible to obtain relief for relatively minor legal injuries.

*Stewart*, 252 F.R.D. at 385 (internal citations omitted).

Rule 68 provides that "[a]t least 14 days before the date set for trial, a defendant may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a).  If the plaintiff does not accept the offer, and the relief that the plaintiff finally obtains is less favorable than the unaccepted offer, the plaintiff must pay the costs incurred after the offer was made.  Fed. R. Civ. P. 68(d).

But Rule 68's application becomes strained when a defendant makes an offer of judgment to a Rule 23 class representative in her individual capacity. *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004). When a defendant makes a Rule 68 offer before a class has been certified, the class representative is compelled to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of, and obligations to, the class:

> The other issue is whether a precertification offer of judgment creates an impermissible conflict of interest between the putative class representative and the putative class. As discussed at the outset, if the putative class representative faces cost liability but the putative class does not, this creates an incentive for the

representative to act against the interests of the class. Because of this conflict, some courts have invalidated precertification offers of judgment.

*      *      *

This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective.

*Lamberson*, 2011 WL 1990450, at *3-4 (*citing Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp. 2d 1020, 1030-31 (N.D. Ohio 2010) (declaring individual offer of judgment ineffective where no ruling on class certification had yet been made), *and Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402-03 (E.D. Pa. 2006) (striking offer of judgment)); *see also Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289, at *2 (W.D. Tex. Sept. 15, 2011) (striking offer of judgment to proposed class representative).

"As a result, the Rule 68 offer places improper pressure on the named plaintiff to drop the class action. This result, however, is not the one intended by Rule 68." *Boles*, 2011 WL 4345289, at *2-3. Instead, the result is to create an unnecessary conflict between the named plaintiff and the class:

> Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than what the defendant offered, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected its Rule 68 tender. Courts have reasoned that putative class representatives cannot be forced to accept Rule 68 offers because contrary to their duty to litigate the case in the best interests of the class, the putative representatives would be compelled "to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse,* 239 F.R.D. at 402.

*Stewart*, 252 F.R.D. at 387.

Given this conflict, which was not intended by the drafting of Rule 68, courts often disallow offers of judgment made on an individual basis to proposed class representatives in Rule 23 class actions. *See, e.g.*, *Boles*, 2011 WL 4345289, at *3 (striking offer of judgment); *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434-35 (E.D. Pa. 2009) (same); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 336 (D. Minn. 2011) (same); *Hornicek v. Cardworks Servicing, LLC*, No. 10-CV-3631, 2011 WL 1419607, at *1 (E.D. Pa. Mar. 18, 2011) ("The offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class."); *Sampio v. People First Recoveries, LLC*, No. 07-22436-Civ., 2008 WL 509255, *1 (S.D. Fla. Feb. 19, 2008) (striking pre-certification offer of judgment and holding that "[t]his Court is persuaded by the reasoning of those courts which have held that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.") (internal citation omitted); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602-03 (D. Neb. 2007) ("As long as relief on behalf of the class has not been addressed . . . the offer of judgment must now be stricken to prevent it from undermining the use of the class action device . . . ."); *Strausser v. ACB Receivables Mgmt., Inc.*, No. CIV.A.06 5109, 2007 WL 512789, at *2 (E.D. Pa. Feb. 12, 2007) ("I agree with this reasoning and will grant plaintiffs' motion to strike."); *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714, *2 (N.D. Ill. Aug. 5, 1999) ("Accordingly, Janikowski's motion to strike Lynch Ford's April 29, 1999 offer of judgment is granted."), *aff'd*, 210 F.3d 765 (7th Cir. 2000). This Court should do the same here.

**V.      Defendant's offer of judgment places impermissible pressure on Plaintiff to accept an individual judgment instead of pursuing class claims.**

Here, the very nature of the offer impermissibly forces Plaintiff into a conflict of Defendant's own making. If Plaintiff accepts the offer, she will obtain greater than the maximum statutory damages for her individual claims, but no relief for the members of the putative class. Only if she chooses to reject the offer, potentially against her individual interests, will she have the opportunity to prosecute the claims of absent class members.  However, if she rejects the offer, then the cost-shifting provision of Rule 68 may apply, requiring Plaintiff to pay the costs incurred by Defendant after the date of the offer if Plaintiff does not obtain a sum greater than $1,100.00. Fed. R. Civ. P. 68(d); *see also Johnson*, 276 F.R.D. at 335 ("Thus, Plaintiff would run the risk that he would now have to start bearing Defendant's costs without the ability to shift his own attorney fees to Defendant, even if the Defendant is found to have violated the [law].").

Yet, because of the cap on statutory damages under the FDCPA, *see* 15 U.S.C. 1692k(a)(2)(A), obtaining a sum more favorable than Defendant's offer is contingent on whether a class is certified.  Thus, the determinative factor in Plaintiff's consideration of the offer is whether Plaintiff believes the Court will certify a class action—not whether she will succeed on the merits of her claims.  *See Johnson*, 276 F.R.D. at 335 ("Here, it is the merits of the class claim (i.e., the claim for the lesser of $500,000 or 1% of Defendant's net worth) that should be weighed, not the likelihood of success of a class-certification motion. Rule 68 was not meant to test the strength of a plaintiff's motion for class certification."); *Smith*, 257 F.R.D. at 434 ("Rule 68 was not meant to test the strength of a plaintiff's motion for class certification.").  As a result, the individual offer of judgment "contravenes not only the class action mechanism but also Congressional intent under the FDCPA."  *Smith*, 257 F.R.D. at 434.

Therefore, this Court should declare the offer ineffective and void. *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1030-31 (N.D. Ohio 2010) (adopting "Judge Algenon L. Marbley's thorough reasoning in *Stewart*" and holding that offer of judgment on individual claims in proposed class action is "without effect at this time"); *see also Lafollete v. Liberty Mut. Fire Ins. Co.*, No. 2:14-CV-04147-NKL, 2015 WL 132670, at *4 (W.D. Mo. Jan. 9, 2015) ("Moreover, Defendant cannot use its offers of judgment to back Plaintiffs into a corner and force them to weigh the risk of having to pay Defendant's attorney's fees against the interests of the putative class in having the action litigated. To prevent this outcome, Defendant's offers of judgment must be stricken."); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 401 (E.D. Mo. 2014) ("In conclusion, the court finds that Plaintiff's Motion to Strike Defendants' Offer of Judgment should be granted and the precertification Offer of Judgment must be deemed ineffective.").[1]

## VI.    Defendant is free to offer judgment after the Court addresses class certification.

A defendant "ought not be able to put class actions to an end merely by tendering Rule 68 offers of judgment before the putative class representatives have filed their certification motions," so long as the class representatives do not "unduly delay in bringing their certification motions." *Stewart*, 252 F.R.D. at 386-87. Here, Plaintiff filed her motion for class certification before

---

[1]    While some courts have determined that an offer of judgment is not a pleading and therefore cannot be stricken, *see, e.g.*, *McDowell v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003), many have held that striking an offer of judgment is the most effective procedural mechanism to prevent the offer from undermining the class action device. *See, e.g.*, *Peters v. Credit Protection Association LP*, No. 2:13-CV-0767, 2015 WL 5216709, at *8 (S.D. Ohio Sept. 8, 2015) (striking offer of judgment); *Boles*, 2011 WL 4345289, at *3; *Johnson*, 276 F.R.D. at 336; *Lamberson*, 2011 WL 1990450, at *4 (striking offer of judgment); *Hornicek*, 2011 WL 1419607, at *1 (same); *Smith*, 257 F.R.D. at 434-35; *Stewart*, 252 F.R.D. at 387. So, if the Court determines it cannot strike Defendant's offer of judgment, the Court can simply use its inherent authority to declare the offer ineffective at this time.

7

Defendant served its offer of judgment, and within the time frame set by this Court's scheduling order. Doc. 28. Thus, there has been no undue delay in moving for class certification. Should Defendant wish to avail itself of Rule 68, it can do so after the Court determines whether class certification is appropriate. *See Jones v. I.Q. Data Int'l*, No. 1:14-cv-00130-PJK-RHS, 2014 WL 6891205, at *1 (D.N.M. June 23, 2014) ("Accordingly, within fourteen days of a decision on a reasonably prompt motion for class certification, the Plaintiff may accept or reject Defendant I.Q. Data's offer.").

**VII.   Conclusion.**

An offer of judgment to a proposed class representative should be deemed ineffective:

> In a class-action complaint, the named plaintiff, as the putative class representative, has a special role of assuming responsibility for the entire class of persons. Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class. Therefore, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective. As a result, the Court will strike Defendant's offer of judgment.

*March v. Medicredit, Inc*., No. 4:13-CV-1210-TIA, 2013 WL 6265070, at *4 (E.D. Mo. Dec. 4, 2013).

For these same reasons, this Court should strike or declare ineffective the offer of judgment made to Plaintiff here.[2]

---

[2]   In the event that this Court chooses not to deem the offer ineffective, Plaintiff respectfully requests she be provided fourteen days after the date of any such order to reconsider the offer under Rule 68.

Dated: June 12, 2017

Respectfully submitted,

s/ Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on June 12, 2017, the foregoing was filed using the CM/ECF system of the Court which will send notification of such filing to counsel of record as follows:

Jennifer Kalas                          Christopher M. Manhart
Hinshaw & Culbertson, LLP               Blatt, Hasenmiiller, Leibsker & Moore
322 Indianapolis Blvd., Suite 201       8605 Broadway
Schererville, IN 46375                  Merrillville, IN 46410
jkalas@hinshawlaw.com                   cmanhart@bhlmlaw.com

David Schultz
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com

s/ Zachary Landis
Zachary Landis