# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GLORIA SPICE, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:16-CV-366-TLS |
| BLATT, HASENMILLER, LEIBSKER & MOORE LLC, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Plaintiff Gloria Spice, on behalf of herself and all other similarly situated, has filed a class action complaint alleging violations of the Fair Debt Collection Practice Act (FDCPA). On May 26, 2017, she filed a motion to certify the class. This matter is before the Court on the Plaintiff's June 12, 2017, Motion to Strike Offer of Judgment [ECF No. 32] that the Defendant submitted to the Plaintiff on June 9, 2017, pursuant to Federal Rule of Civil Procedure 68. The Defendant offered to allow judgment in favor of the Plaintiff, individually, in the amount of $1,100.00 in damages, plus costs and reasonable attorneys' fees. The Plaintiff argues that the offer should be deemed ineffective as an improper attempt to "pick off" the class representative by putting her in the position to choose between accepting the offer and abandoning the class for her own pecuniary benefit, or rejecting the offer and face the potential that she will bear the costs the Defendant incurs after the offer date. The Defendant contends that it properly exercised its right under Rule 68 by making a reasonable offer, and that the Rule contains no exception for class actions.

## ANALYSIS

Pursuant to Rule 68,

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). The unaccepted offer is considered withdrawn. Fed. R. Civ. P. 68(b). If the offer is not accepted, and the plaintiff obtains a judgment for less than the offered amount, the defendant can file a motion pursuant to subsection (d), requiring the plaintiff to pay the costs incurred after the offer was made. Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Rule 68(d) does not apply where judgment is entered in favor of the Defendant. *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981).

No party can be forced to accept an offer of judgment, but Rule 68 is a valid litigation tool to encourage settlements. *See, e.g.*, *Conrad v. Boiron, Inc.*, — F.3d —, 2017 WL 3623960, at * 4 (7th Cir. Aug. 24, 2017) (including Rule 68 in the list of tools available in federal court to address abuses of the litigation process, but specifically excluding forced acceptance of a proposed settlement offer); *Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation. The Rule prompts both parties to a suit to evaluate the risks and costs of litigation and to balance them against the likelihood of success upon trial on the merits." (citations omitted)). Additionally, in the context of class action litigation, "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell–Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). Although the decision in *Campbell-*

*Ewald* does not specifically address the Plaintiff's concern that an offer of judgment creates conflict between herself and the putative class, it nevertheless seems to foreclose the Plaintiff's argument.

If, as the Plaintiff argues, an offer of judgment made to a named plaintiff before a class is certified is automatically ineffective (whether accepted or not), there would have been no need for the Supreme Court to rule on the impact of an unaccepted Rule 68 offer of judgment for the full amount of the named plaintiff's individual claim. Rather, its ruling, that such an offer does not efface a class action complaint, 136 S. Ct. at 670, would have no legal effect because no such offer would ever be allowed to stand. Further, a review of the *Campbell-Ewald* decision reveals that no Justice endorsed the idea that Rule 68 was inapplicable in class actions. The Supreme Court's decision did not eliminate the "built-in sanction" of Rule 68 in the class action context, but rather, commented specifically on it. *See id.*, 136 S. Ct. at 671 (noting that the "sole built-in sanction" regarding costs did not support the defendant's argument that an unaccepted settlement offer can moot a complaint). On its face, Rule 68 contains no exclusions that forbid its application to class actions or limits its application to only certain types of cases. Neither does Rule 23, which governs class actions, purport to create any such exception. This, combined with the *Campbell-Ewald* decision, and the absence of any binding Seventh Circuit decision applying a class action exception to Rule 68, leaves the Plaintiff with only nonbinding, pre-*Campbell-Ewald*, district court cases in support of her Motion.

Accordingly, the Court finds no basis to strike the offer of judgment, or to otherwise rule on its effect. The Court also declines to grant the alternative relief requested in a footnote in the Plaintiff's Motion. The Plaintiff asks that if the Court chooses not to deem the offer ineffective,

that the Plaintiff be provided fourteen days after the date of the Court's order to reconsider the Rule 68 offer. Just as the Court cannot force the Plaintiff to accept an offer, neither can it force the Defendant to keep the offer open for longer than the time set forth in Rule 68(a).

Finally, the Court notes that its decision is not a statement about whether the Plaintiff would face the payment of costs under Rule 68(d) if a class is certified but the Plaintiff's individual award does not exceed the amount of the Defendant's offer. That issue is not before the Court, and it would be premature to offer any views at this point in the proceedings.

## CONCLUSION

For the reasons stated above, the Court DENIES the Plaintiff's Motion to Strike Offer of Judgment [ECF No. 32].

SO ORDERED on September 19, 2017.

          s/ Theresa L. Springmann
          CHIEF JUDGE THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT