UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLORIA SPICE, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO.: 1:16-CV-366-TLS |
| BLATT, HASENMILLER, LIEBSKER & MOORE LLC, ) ) ) ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Gloria Spice, on behalf of herself and others similarly situated, has brought this class action against Blatt, Hasenmiller, Liebsker & Moore LLC, asserting a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. This matter is before the Court on the Plaintiff's Motion for Class Certification [ECF No. 28]. For reasons stated herein, the Court grants class certification.

## BACKGROUND

The Plaintiff seeks to certify the following class:

All individuals in the State of Indiana to whom Defendant sent, within one year before the date of the original complaint[1] and in connection with the collection of a debt, a letter based upon the Template. The Template is defined as the form debt collection letter upon which the April 20, 2016 and April 21, 2016 letters that the Defendant sent to the Plaintiff are based, containing the language: "As of the date of this letter, you owe [dollar amount]."

---

[1] The Plaintiff filed her original complaint on October 18, 2016. The proposed class therefore has a time period between October 18, 2015, and October 18, 2016.

(Pl. Mot. for Class Cert. 1.) The crux of the Plaintiff's argument is that the Defendant used this language ("As of the date of this letter, you owe [dollar amount].") for both consumer debts subject to the accrual of interest and those not subject to the interest accrual. The language in the Template, therefore, can be reasonably interpreted in multiple ways and thus violates the FDCPA.

The Defendant is an entity that, in some instances and for some purposes, uses the mail and telephone to collect debts. (Class Action Compl. ¶¶ 20–21, ECF No. 1; Def. Answer ¶¶ 20–21, ECF No. 12.) The Plaintiff allegedly owed consumer debts to two creditors, neither of which are the Defendant. (Class Action Compl. ¶¶ 22, 23.) The Plaintiff alleges that the Defendant mailed three letters to her in an attempt to collect the debts, and these three letters form the basis of the Plaintiff's suit. (*Id.* at ¶¶ 25, 33, 42.)

The first letter involved a debt allegedly owed to a Midland Funding, LLC account number ending -0557 (MF-0557 Debt). (*Id.* at ¶ 25.) The Defendant sent the Plaintiff a letter, dated April 20, 2016, which states: "As of the date of this letter, you owe $14,599.73." (*Id.* at ¶¶ 26, 28; *id.*, Ex. A.) The April 20, 2016, letter was the initial communication between the Defendant and the Plaintiff in connection with the collection of the MF-0557 Debt. (*Id.* at ¶ 27; Pl. Mot. for Class Cert., Ex. B ¶ 5.) As well, the MF-0557 Debt is reduced to judgment, which provides that the debt will accrue interest at 8% per annum. (Class Action Compl., ¶¶ 29–31; *id.*, Ex. B.)

The second letter involved a debt allegedly owed to Bank of America, with an account number ending -3344 (BoA-3344 Debt). (*Id.* at ¶ 33.) The Defendant sent the Plaintiff a letter, dated April 21, 2016, which states: "As of the date of this letter, you owe $33,230.90." (*Id.* at ¶¶ 34, 36; *id.*, Ex. C.) The April 21, 2016, letter was the initial communication between the

Defendant and the Plaintiff in connection with the collection of the BoA-3344 Debt. (*Id.* at ¶ 35; Pl. Mot. for Class Cert., Ex. B ¶ 5.) Additionally, the BoA-3344 Debt is reduced to judgment, which provides that the debt will not accrue any interest. (Class Action Compl., ¶¶ 37–39; *id.*, Ex. D.)

The third letter involved another debt allegedly owed to Bank of America, with an account number ending -6122 (BoA-6122 Debt). (*Id.* at ¶ 42.) The Defendant sent the Plaintiff a letter, also dated April 21, 2016, which states: "As of the date of this letter, you owe $4,735.80." (*Id.* at ¶¶ 34, 36; *id.*, Ex. E.) This April 21, 2016, letter was the initial communication between the Defendant and the Plaintiff in connection with the collection of the BoA-6122 Debt. (*Id.* at ¶ 44; Pl. Mot. for Class Cert., Ex. B ¶ 5.) The BoA-6122 Debt is reduced to judgment, which provides that interest on the debt will accrue "as provided by law until paid in full." (Class Action Compl., ¶¶ 46–48; *id.*, Ex. F.)

The Plaintiff was not the only person to receive this type of letter from the Defendant. During the proposed class period—October 18, 2015, through October 18, 2016—the Defendant estimates that it mailed a letter based on the same template or form as the April 2016 letters to approximately 86,106 individuals[2] within the proposed class definition. (Def. Opp'n to Mot. for Class Cert. 14.) The Defendant possesses the names, addresses, and phone numbers of each potential member of the class as defined, and has agreed to preserve such information. (Pl. Mot. for Class Cert., Ex. A ¶ 18.)

---

[2] The Defendant originally estimated that the proposed class contained a minimum of 55,000 members. (Pl. Mot. for Class Cert., Ex. A ¶ 18.) The Defendant attributes the change in estimate to a clerical error. (Def. Opp'n to Mot. for Class Cert. 14 n.5.)

# LEGAL STANDARD

**A.     Class Certification**

If a proposed class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b), then class certification is proper. *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(a) is satisfied if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). If all of these prerequisites are met, the Court must also find that at least one of the subsections of Rule 23(b) is satisfied. As relevant here, Rule 23(b)(3) is satisfied if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).

A plaintiff who fulfills both conditions of Rule 23 is entitled to class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). However, Rule 23 "does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Id.*; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiff's underlying claim. *Dukes*, 564 U.S. at 351.

### B. Fair Debt Collection Practices Act (FDCPA)

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in collection of any debt." 15 U.S.C. § 1692e. Section 1692e furnishes a nonexclusive list of prohibited practices, including the following: false representation of the character, amount, or legal status of any debt, § 1692e(2)(A); threat to take any action that cannot legally be taken, § 1692e(5); and use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10). Section 1692f further prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

The court asks "whether a person of modest education and limited commercial savvy would be likely to be deceived" when it examines whether a debt collection letter violates § 1692e or § 1692f. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014)

(quoting *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007)). In other words, the court views the letter as if it were an "unsophisticated consumer." *Id.* (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012)).

## ANALYSIS

The Plaintiff seeks to certify the following class:

> All individuals in the State of Indiana to whom Defendant sent, within one year before the date of the original complaint and in connection with the collection of a debt, a letter based upon the Template. The Template is defined as the form debt collection letter upon which the April 20, 2016 and April 21, 2016 letters that the Defendant sent to the Plaintiff are based, containing the language: "As of the date of this letter, you owe [dollar amount]."

(Pl. Mot. for Class Cert. 1.) The Plaintiff asserts that the proposed class satisfies the requirements of Rule 23(a), and also satisfies Rule 23(b)(3). The Plaintiff also requests the Court appoint Thompson Consumer Law Group, PLLC as class counsel.

The Defendant objects to class certification. First, the Defendant asserts that the Plaintiff is not an adequate class representative because she agreed to class action waiver provisions in the terms and conditions for two of the accounts at issue. Second, the Defendant maintains that the proposed class is not readily ascertainable and that each proposed class member is subject to differing arbitration and class action waiver provisions. Third, the Defendant argues that a class action is not a superior means of adjudicating the Plaintiff's FDCPA claim. Finally, the Defendant claims that the Plaintiff is not represented by adequate class counsel. The Court finds the Defendant's positions unpersuasive, for the reasons that follow.

A. **The Arbitration Agreements**

The Defendant insists that the Plaintiff must arbitrate her claims against the Defendant because the Plaintiff's two Bank of America accounts include an arbitration clause in their terms and conditions. (Def. Opp'n to Mot. for Class Cert., Ex. A 14–15, ECF No. 42-1; *see also* Def. Opp'n to Mot. for Class Cert., Ex. B 15, ECF No. 42-2.)[3] According to the Defendant, this precludes the Plaintiff from serving as a class representative. *See, e.g.*, *A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 WL 4417077, at *10–11 (N.D. Ill. Aug. 19, 2016) (denying class certification by applying the estoppel doctrine to bind the named plaintiff, a non-signatory minor child, to an arbitration agreement entered into by her mother); *Korea Week, Inc. v. Got Capital, LLC*, NO. 15-6351, 2016 WL 3049490, at *1 (E.D. Pa. May 27, 2016) (denying class certification where the named plaintiff agreed not to be a representative plaintiff in a class action when it signed a commercial financing contract with the defendant). This would be true if the Plaintiff brought an action against Bank of America. However, the Plaintiff has not. Further, the Defendant has not argued that an exception applies to the general rule that an arbitration agreement binds only the parties to the arbitration agreement. *See, e.g.*, *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005) (citing *Fyrnetics (H.K.) Ltd. v. Quantum Grp.*, 293 F.3d 1023, 1029 (7th Cir. 2002)).

A debt collector is not an employee, agent, or assignee of a creditor, but rather an independent contractor. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("[D]ebt collectors are independent contractors[.]"). As such, there is no contractual relationship between the Plaintiff and the Defendant to arbitrate any dispute between the parties. *See Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2017 WL 1427070, at *9 (N.D. Ill. Apr. 21, 2017).

---

[3] Bank of America is the successor-in-interest by acquisition of MBNA America Bank, N.A. and FIA Card Services, N.A.

Therefore, the arbitration agreements between the Plaintiff and Bank of America do not preclude her from representing the proposed class.

**B.     Objectively Identifiable Class**

To properly certify a class, the Plaintiff must demonstrate that "class members can be ascertained based on objective criteria." *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 369 (N.D. Ill. 2008) (citing *Foreman v. PRA III, LLC*, No. 05 C 3372, 2007 WL 704478, at *5 (N.D. Ill. Mar. 5, 2007)). The Court should deny certification if it must conduct individual mini-trials to determine whether a potential class member falls within the proposed class. *Id.*

The Defendant asserts that the Court will need to conduct individualized inquiries to determine whether potential class members are subject to either arbitration clauses or class actions waivers through agreements with their original creditors. This concern, however, is better addressed as a predominance issue, and as such the Court will elaborate on this argument when it discusses Rule 23(b)(3) later in this Opinion and Order.

The Plaintiff has shown that the proposed class is sufficiently identifiable. In written discovery responses, the Defendant estimates that the proposed class includes approximately 86,106 individuals, states that the Defendant possesses the names, addresses, and phone numbers of each potential member of the class as defined, and agrees to preserve such information. The parties can determine whether potential class members possess a consumer debt through either the Defendant's business records (such as the credit card terms and service agreements), or by asking potential class members if their respective debts stem from a consumer credit account. *See Selburg v. Virtuoso Sourcing Grp.*, LLC, No. 1:11-CV-1458, 2012 WL 4514152, at *3 (S.D. Ind. Sept. 29, 2012). Additionally, while the Defendant contends otherwise, class members do

not need to have had a judgment entered against them to be a part of the proposed class. *See Ruge v. Delta Outsource Grp., Inc.*, No. 15 CV 10865, 2017 WL 959017, at *2 (N.D. Ill. Mar. 13, 2017). Accordingly, the Plaintiff has sufficiently alleged an objectively identifiable class, and the Court proceeds to the next portion of its analysis.

**C.     Rule 23(a)**

*1.     Numerosity—Rule 23(a)(1)*

To meet the numerosity requirement, the class must be so large "that joinder of all members is impracticable." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *see also* Fed. R. Civ. P. 23(a)(1). "[T]here is no magic number needed to establish numerosity." *Donovan v. St. Joseph Cty. Sheriff*, No. 3:11-CV-133, 2012 WL 1601314, at *2 (N.D. Ind. May 3, 2012) (citation omitted). Accordingly, a plaintiff need not plead or prove the exact number of class members to establish numerosity under Rule 23(a)(1). *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). Moreover, a court may make common sense assumptions to determine numerosity. *See Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (finding numerosity after the plaintiff introduced evidence that "support[ed] a much larger estimate"). Generally, joinder of forty or more members satisfies the numerosity requirement. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969).

In this case, the Defendant admitted that it sent materially identical letters based on the Template to over 86,000 individuals in Indiana within a year before the Plaintiff filed its original complaint. The Plaintiff alleges that the language contained in these letters violates the FDCPA. The Court finds this class size of over 86,000 sufficiently numerous to make joinder impracticable. *See Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 287 (N.D. Ill. 2005).

## 2. *Commonality—Rule 23(a)(2)*

Subsection (a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Seventh Circuit has clarified that, "[a]lthough a court need only find a single common question of law or fact, the mere occurrence of all plaintiffs suffering as a result of a violation of the same provision of law is not enough. The claims must depend upon a common contention that is capable of class-wide resolution," *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015) (citation omitted), which "means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," *Dukes*, 564 U.S. at 350. This common contention exists where "the defendants have engaged in standardized conduct towards members of the proposed class." *Chandler v. Sw. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 308 (N.D. Ill. 1995).

Standard form collection letters are often present in FDCPA class actions, and also often satisfy the commonality requirement in Rule 23(a). *See, e.g.*, *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[T]he defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents.") (citations omitted); *Quiroz v. Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438, 442 (N.D. Ill. 2008) ("The requisite common nucleus of operative fact exists in FDCPA cases when the controversy arises from a standard form debt collection letter.") (citations omitted); *Jackson*, 227 F.R.D. at 287 ("Courts have consistently found there to be a common nucleus of operative fact where a class's claims arise out of standardized or form documents.") (citations omitted). The instant case is no different.

The Plaintiff's claims, and those of the class, originate from the same common practice of the Defendant. The Defendant sent over 86,000 potential class members a standardized debt

collection letter. The standardized letter failed to indicate whether interest would accrue on the consumer debt, and the Defendant used the same standardized letter to collect consumer debts that would accrue interest and those that would not. Each class member therefore has an identical FDCPA claim. The Court, therefore, finds that there are questions of law or fact common to the class.

3.   *Typicality—Rule 23(a)(3)*

Under the typicality requirement in Rule 23, "the named representatives' claims [must] have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). This question—whether claims are typical of those of the class members the Plaintiff represents—is "closely related to the commonality inquiry." *Keele*, 149 F.3d at 595. The Seventh Circuit has summarized the typicality analysis as follows:

> A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [it is] based on the same legal theory. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large.

*Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (internal quotation marks and citation omitted); *see also De La Fuente*, 713 F.2d at 232 ("The typicality requirement may be satisfied even if there are factual differences between" class member's claims, so long as those claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.").

Once again, the standard form collection letters that are often present in FDCPA class actions usually satisfy the typicality requirement in Rule 23(a). *See, e.g.*, *Hale v. AFNI, Inc.*, 264

11

F.R.D. 402, 405 (N.D. Ill. 2009) ("[The plaintiff's] claim is typical to the class because it arises from the same form letter allegedly received by all class members, and it is based on the same legal theory that the letter violates the FDCPA.") (citing *De La Fuente*, 713 F.2d at 232); *Chapman v. Worldwide Asset Mgmt., L.L.C.*, No. 04 C 7625, 2005 WL 2171168, at *4 (N.D. Ill. Aug. 30, 2005) ("[A]ll members of the class will be persons who received the form notice. There is no indication that named plaintiff is situated differently than other members of the class. The typicality requirement is satisfied.").

Here, the Plaintiff and the proposed class members possess the same interests and suffered the same injury as a result of the Defendant's common practice. The Plaintiff seeks the same relief on behalf of the proposed class members as she seeks for herself. She is a member of the proposed class, and her claims are typical of the claims of the class.

### 4.     *Adequacy of Representation—Rule 23(a)(4)*

The Defendant asserts that the Plaintiff failed to satisfy the adequacy requirement of Rule 23(a). Rule 23(a)(4) requires that a class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between the named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). To adequately represent the class, a named plaintiff must have a sufficient stake in the outcome of the case to ensure zealous advocacy and must not have antagonistic or conflicting claims with other class members. *Rosario*, 963 F.2d at 1018. A plaintiff must also show that their legal counsel is experienced and competent. *Id.*

The Plaintiff alleges that she experienced the same injury as the other members of the proposed class, and she signed a sworn affidavit stating that she has no adverse interests to the class and that she will vigorously pursue the class members' claims with their best interests in mind. (Pl. Mot. for Class Cert., Ex. B ¶¶ 7–9.) The Defendant has not produced any evidence to show a conflict of interest between the Plaintiff and the proposed class members. Instead, the Defendant counters that the Plaintiff cannot adequately represent the class because she agreed to class action waiver provisions in the terms and conditions of her Bank of America accounts. As stated previously, the Court disagrees; the agreements produced by the Defendant only apply to disputes between the Plaintiff and Bank of America. The agreements, therefore, have no bearing on whether the Plaintiff will adequately represent the class. *See Pierre*, 2017 WL 1427070, at *9 (explaining that "the benefits of any class action waiver or arbitration provision contained in underlying credit agreements do not redound to [the debt collector]" but instead remain with the original lender).

Next, the Defendant argues that the Plaintiff is not represented by adequate counsel. Again, the Court disagrees. Rule 23 requires that the Court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). In appointing class counsel, the Court must consider the following:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Thompson Consumer Law Group, PLLC has overseen multiple FDCPA class actions. *See, e.g.*, *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-00362, 2016 WL 5363752 (D. Ariz. Sept. 26, 2016); *see also* Pl. Mot. for Class Cert. Ex. C ¶¶ 2–9. And, contrary to Defendant's assertions, Attorney Joseph Panvini has previously been appointed as a lead counsel for a certified class. (Pl. Reply re Mot. for Class Cert. 35–36, ECF No. 46.) Attorney Panvini has also represented the Plaintiff thus far, and assisted in identifying the legal issues and other potential class members through discovery. As such, the Plaintiff has produced sufficient evidence to convince the Court that Thompson Consumer Law Group, PLLC is experienced handling FDCPA class actions, has knowledge of the applicable law, and has the appropriate resources to commit to representing both the Plaintiff and the proposed class in this action.

The Plaintiff has carried her burden to show that she and her counsel will fairly and adequately protect the interests of the class. As the Plaintiff has satisfied all requirements of Rule 23(a), the Court will proceed to the next portion of its analysis.

**D.    Rule 23(b)**

Because the Rule 23(a) requirements are met, the Court must next assess whether class action is appropriate under at least one of the provisions of Rule 23(b). The Plaintiff asserts that she can appropriately maintain the proposed class action under Rule 23(b)(3).

Rule 23(b)(3) applies to most classes seeking monetary relief. The Rule requires that "questions of law or fact common to class members predominate over any questions affecting

only individual members." Fed. R. Civ. P. 23(b)(3); *Szabo*, 249 F.3d at 676. The Supreme Court has explained that the predominance and superiority requirements of Rule 23(b)(3) serve to limit class certification to cases where "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods.*, 521 U.S. at 615 (quotations and citation omitted). The Court examines each of these requirements in turn.

*1.     Predominance*

The Supreme Court has described predominance in broad terms, explaining that the Rule 23(b)(3) inquiry "trains on the legal or factual questions that qualify each class member's case as a genuine controversy," with the purpose being to determine "whether a proposed class is sufficiently cohesive to warrant adjudication by representation." *Id*. at 623, 625. This "requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013). In other words, a plaintiff must show that common evidence, as opposed to evidence that is individual to each class member, could suffice to show the alleged violation. *Messner v. Northshore Univ. HelathSys.*, 669 F.3d 802, 818 (7th Cir. 2012). Though the predominance analysis "call[s] for caution when individual stakes are high and disparities among class members [are] great," *Amchem Prods.*, 521 U.S. at 625, the Seventh Circuit has also warned that, "[t]he office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather it is to select the method best suited to adjudication of the controversy fairly and efficiently," *Bell*, 800 F.3d at 376 (citing *Amgen Inc.*, 568 U.S. at 459). "In conducting this

15

analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Id.* (citations and quotation marks omitted).

The Defendant contends that arbitration and class action waiver provisions are included in many of the putative class members' original agreements, and these provisions require individualized inquiries into each class member. Therefore, common issues do not predominate over individual issues. The Court, once again, disagrees. The Court finds that any arbitration or class action waiver provisions included in the putative class members' *original* agreements are irrelevant to the predominance inquiry. *See Pierre*, 2017 WL 1427070, at *9. The original agreements bind individual class members and their respective original lender; the Defendant cannot appropriate any benefit in these agreements from the original lenders. The Plaintiff sued only the Defendant for its role as a debt collector, and has not brought suit against any entity that was a party to the credit agreements that the Defendant alleges contain arbitration and class action provisions. The Court need not make these individualized inquiries to resolve the proposed class members' claims.[4] *See Quiroz*, 252 F.R.D. at 444.

Further, the Court finds that common issues predominate in the instant case. The Plaintiff's claims stem from specific conduct related to a specific thing: a letter based on the Template, and the Defendant's mailing of such a letter to the Plaintiff. Proposed class members' claims stem from the same specific conduct and the same specific thing. This identical conduct, involving a letter based on the same Template, results in several specific issues that are common to all proposed class members. These issues include, but are not limited to: Whether the Defendant is a "debt collector" as defined in the FDCPA; whether mailing the form letter is an "attempt[] to collect debts" under the FDCPA; and whether the form letter included "any false,

---

[4] While the Defendant has not indicated that this is the case, any class member who has signed a class action waiver or arbitration agreement with the Defendant may be barred from joining the proposed class.

deceptive, or misleading representation" under the FDCPA when the form letter stated: "as of the date of this letter, you owe [amount]." Additionally, the FDCPA is a strict liability statute with an objective standard and, therefore, individual consumers' subjective understanding of the form letter is irrelevant to the analysis. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009). Resolving the common questions in this case will involve objective and class wide proof. The Court is satisfied that common issues predominate over individualized inquiries.

*2.     Superiority*

Under the superiority requirement, a class action should proceed under Rule 23(b)(3) only if it is superior to other methods for adjudicating the claims of the members of the proposed class. Considerations relevant to the superiority of the class action device include:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)–(D).

"FDCPA class actions are usually superior for reasons of judicial economy." *Pawelczak v. Fin. Recovery Servs., Inc.*, 286 F.R.D. 381, 387 (N.D. Ill. 2012). This is a usual case. There is no suggestion that any class member has initiated separate litigation on these issues or that the federal district court in the Northern District of Indiana is a less desirable or appropriate forum than another. The Defendant counters that a class action is not the superior means of adjudicating the claims of the proposed class because each class member's recovery will be de minimis compared to the potential recovery in an individual action. *Compare* 15 U.S.C. § 1692k(a)(2)(B) (class recovery "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt

collector"), *with* 15 U.S.C. § 1692k(a)(2)(A) (permitting individual action recovery up to $1,000).[5]

The Court disagrees. The plain language of the FDCPA supports class certification even where individual class member recovery is likely de minimis. The statutory language provides that class damages are to be awarded "without regard to a minimum individual recovery . . . ." 15 U.S.C. § 1692k(a)(2)(B)(ii). Additionally, proposed class members may not be aware of their rights, or may not be willing to take on the burden of an individual action. As such, in the Seventh Circuit, "[w]hen individual class members are offered the right and opportunity to opt out of the class action, the statutory language 'without regard to a minimum individual recovery' generally controls." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) (quoting 15 U.S.C. § 1692k(a)(2)(B)(ii)). The personal notice and opt-out requirements of Rule 23(b)(3) protect the interests of those who qualify as class members and desire to bring their claims separately. *See Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues."). The Court, therefore, finds that proceeding as a class is superior to other methods for adjudicating the claims of the members of the proposed class, even if individual class member recovery is likely de minimis.

For the foregoing reasons, the Court certifies the following class:

All individuals in the State of Indiana to whom Defendant sent—between October 18, 2015, and October 18, 2016—in connection with the collection of a debt, a letter based upon the Template. The Template is defined as the form debt collection letter upon which the April 20, 2016, and April 21, 2016, letters that the Defendant sent to the Plaintiff are based, containing the language: "As of the date of this letter, you owe [dollar amount]."

---

[5] The Defendant estimates that 1% of its net worth is approximately $16,000. (Def. Opp'n to Mot. for Class Cert. 15.) Under this estimate, an individual class for the proposed class of 86,000 would recover approximately $0.19.

**CONCLUSION**

The Plaintiff has satisfied the requisite elements of Rule 23(a)(1)–(4), Rule 23(b)(3), and Rule 23(g). Accordingly, the Court GRANTS the Plaintiff's Motion for Class Certification [ECF No. 28].

The Court appoints Thompson Consumer Law Group PLLC as Class Counsel.

SO ORDERED on January 24, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
